UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERMOND PERRY, #427193,

    Plaintiff,

v.

PETE HUBBARD, et al.,

    Defendants.
_____/

Case No. 2:18-CV-200

HON. GORDON J. QUIST

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner, Jermond Perry, pursuant to 42 U.S.C. § 1983. Defendants filed a Motion for Summary Judgment Based on Failure to Exhaust. (ECF No. 27.) On February 3, 2020, U.S. Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R. & R.), recommending that Defendants' motion be granted and that this matter be dismissed. (ECF No. 35.) Plaintiff subsequently filed an Objection. (ECF No. 36.)

Upon receiving objections to the R. & R., the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R. & R., the Objection, and the pertinent portions of the record, the Court concludes that the R. & R. should be adopted.

Plaintiff objects to the magistrate judge's conclusion that Plaintiff did not exhaust his administrative remedies. Before addressing Plaintiff's Objection, the Court must clarify Plaintiff's claim. In its screening Opinion, the Court determined that Plaintiff's only viable claims were

retaliation claims against Defendants Hubbard, Hough, and Bernherdht for "initiating a search and illegal confiscation of his property and by falsely charging him with being a Melanic leader and placing him in STG classification." (ECF No. 8 at PageID.117-119.) The precise protected conduct is somewhat unclear. In the Complaint, Plaintiff alleges that his refusal to tell officials who had initiated a prison food strike amounted to protected conduct. In his Objection, Plaintiff appears to suggest that telling Defendants that he was going to file a grievance and writing to the Warden amounted to the protected conduct. Regardless of the protected conduct, Plaintiff failed to exhaust his administrative remedies on the retaliation claim.

Plaintiff argues that the magistrate judge erred when determining that Plaintiff did not allege retaliation claims in the relevant grievances. There are four grievances at issue in this case. Two of the grievances were rejected through all three steps. Plaintiff states that in one grievance he used the word "reprisal," which is defined as an act of retaliation. *See Reprisal*, Black's Law Dictionary (11th ed. 2019) ("Any act or instance of retaliation, as by an employer against a complaining employee."). Although Plaintiff used the word "reprisal" at Step III of one his grievances, the grievance did not exhaust a retaliation claim. In that grievance, Plaintiff did not mention the illegal confiscation of his property or that he was falsely charged with being a Melanic leader. He does not mention any protected conduct. Plaintiff complained only that Defendants were not reviewing his Security Threat Group (STG) classification. He wrote: "It has been over a year and any review from this team due to filing this grievance would be bias and continuance of STG is reprisal." (ECF No. 28-4 at PageID.203.) Plaintiff does not offer any explanation as to why "continuance of STG is reprisal." Furthermore, Plaintiff did not raise this issue at Step I of the grievance process.

2

Plaintiff next argues that he exhausted his administrative remedies because he alleged "First Amendment violations" in three of the four grievances. Besides Plaintiff's one-time use of the word "reprisal" at Step III, there is no indication that Plaintiff was complaining of retaliation in the grievances. And, in the Court's view, any prisoner who writes in a grievance: "This is in violation of the I, V, VIII, and XIV Amendments of the U.S. Constitution," (ECF No. 28-4 at PageID.197), and does not include any allegation that could be construed as retaliatory conduct has not exhausted a retaliation claim.

Plaintiff also argues that he does not have to "state a claim" in a grievance and must be "brief and concise." This may be true. But Plaintiff must provide at least some allegations that would alert the MDOC of the retaliation issue in order for it to address or remedy the problem. *See Jones v. Bock*, 549 U.S. 199, 219, 127 S. Ct. 910, 923 (2007) (identifying the purpose of exhaustion). Plaintiff did not do so in any grievance in this case.

Plaintiff finally argues that he exhausted his administrative remedies by giving notice to Defendants that he was going to file a grievance and writing to the warden. Plaintiff then explains the elements of a retaliation claim and how he has satisfied each of those elements in this case. This argument is confusing. Nonetheless, the problem is that Plaintiff failed to write these allegations in a properly exhausted grievance. Therefore, Plaintiff failed to exhaust his administrative remedies.

**Accordingly, IT IS HEREBY ORDERED** that the February 3, 2020, Report and Recommendation (ECF No. 35) is **adopted** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 27) is **GRANTED** for the reasons set forth in the R. & R.  Therefore, Plaintiff's claims are **dismissed without prejudice**.

This case is **concluded**.

A separate judgment will enter.

Dated: July 31, 2020                                      /s/ Gordon J. Quist
                                                                     GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE